UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

LERONDRICK ELLIOTT,

    Petitioner,

v.

GREGORY KIZZIAH, Warden,

    Respondent.

Civil Action No. 7:17-128-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

LeRondrick Elliott is a federal prisoner confined at the United States Penitentiary – Big Sandy in Inez, Kentucky. Proceeding without a lawyer, Elliott has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. For the reasons set forth below, the Court will deny Elliott's petition.

In 2012, Elliott pled guilty to being a felon possession of a firearm in violation of 18 U.S.C. § 922(g) and passing counterfeit currency with the intent to defraud in violation of 18 U.S.C. § 472.[1] The maximum sentence for violating § 922(g) is usually 10 years in prison, *see* 18 U.S.C. § 924(a)(2). However, the United States District Court for the Western District of Kentucky determined that Elliott had at least three previous convictions for either a violent felony or a serious drug offense that were committed on occasions different from one another. As a result, Elliott was subject to a mandatory minimum sentence of 15 years in prison pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Ultimately, the district court sentenced Elliott to that mandatory minimum of 15 years in prison.

---

[1] The procedural history is found at *United States v. LeRondrick Elliott*, No. 3:11-cr-017 (W.D. Ky. 2013).

Elliott challenged his sentence on direct appeal, arguing that the district court erred in treating one of his prior convictions as a violent felony under the ACCA. The United States Court of Appeals for the Sixth Circuit first reviewed *Descamps v. United States*, 133 S. Ct. 2276 (2013), which discussed the approach courts should use to determine whether a prior conviction constitutes a violent felony for purposes of the ACCA. The court then analyzed Elliott's prior conviction and determined that it was, indeed, a violent felony. Thus, the Sixth Circuit affirmed Elliott's sentence. Elliott then filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, but the district court denied that motion. The Sixth Circuit also denied Elliott a Certificate of Appealability and his later request to file a second or successive § 2255 motion.

Elliott has now filed a § 2241 petition with this Court. [R. 1]. Although Elliott's petition is difficult to understand, he appears to be arguing once again that he did not have enough predicate offenses to qualify for an enhanced sentence under the ACCA. [R. 1 at 6-8]. Elliott therefore "requests to have [his] sentence and ACCA enhancement vacated." [R. 1 at 8].

Elliott's § 2241 petition, however, constitutes an impermissible collateral attack on his sentence. While a federal prisoner may challenge the legality of his sentence through a direct appeal and a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Elliott cannot use a § 2241 petition as a way of challenging his sentence.

2

Elliott nevertheless suggests that he can attack his sentence in a § 2241 petition, and he cites the Sixth Circuit's recent decision in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), to support his position. [R. 1 at 2, 7]. It is true that, in *Hill*, the Sixth Circuit indicated that a prisoner may challenge his sentence in a § 2241 petition if he can show, among other things, that "a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement." *Hill*, 836 F.3d at 599. But the court expressly limited its decision to "prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 . . . (2005)," *see Hill*, 836 F.3d at 599, and Elliott was sentenced in 2013—well after the Supreme Court decided *Booker*. And, in any event, as this Court has recently explained, the crux of the *Hill* decision—that *Descamps* is a case of statutory interpretation that is new and retroactive—is contrary to an earlier published panel decision from the same court and, thus, is not binding on this Court. *See Muir v. Quintana*, No. 5:17-327-DCR (E.D. Ky. August 17, 2017). In short, Elliott's reliance on *Hill* is unavailing.

That said, even if Elliott is correct that *Hill* permits him to once again attack his sentence enhancement, the fact remains that the Sixth Circuit has already decided this issue. Indeed, in dismissing Elliott's direct appeal, the Sixth Circuit thoroughly discussed *Descamps*, analyzed his prior conviction at issue, and concluded that his sentence was properly enhanced under the ACCA. *See United States v. LeRondrick Elliott*, No. 13-5427 (6th Cir. 2014). Simply put, this matter has been resolved.

Finally, there is no merit to Elliott's suggestion that *Mathis v. United States*, 136 S. Ct. 2243 (2016), created a new and retroactive rule of law that somehow changes the result in his case. After all, the Supreme Court gave no indication in *Mathis* that it was announcing a new rule of law, let alone intended for that rule to be applied retroactively to cases on collateral review. If

3

anything, the Court made it clear that the opposite was true, saying that it's "precedents made this a straightforward case" and adding that the result was dictated by "more than 25 years" of Supreme Court case law. *Mathis*, 136 S. Ct. at 2257. Thus, *Mathis* is of no help to Elliott.

Accordingly, it is hereby **ORDERED** as follows:

1. Elliott's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding judgment will be entered this date.

Dated August 30, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY